E-filing
FILED
05 APR 22 AM 11:28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID P. MASTAGNI, ESQ. (SBN 57721)
DAVID E. MASTAGNI, ESQ. (SBN 204244)
WILL M. YAMADA, ESQ. (SBN 226669)
**MASTAGNI, HOLSTEDT, AMICK,**
**MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95814
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TEH
C 05 01667

DAVE ALBA, JAVIER ALVA, RICHARD BALMY, MAZEN BARBARI, BARRY BLOOM, CHRISTOPHER BONDANZA, MALACHI L. BURRIS, KENNICE BURT-SMITH, DENNIS CARTER, JR., ISMAEL R. CAUSAPIN, EUGENE J. CERBONE, JUN CHUA, ROBERT M. DALY, DENEILLE DAY, BROCK A. DAVIS, ROBERT DISALVATURE, RICHARD DROCCO, FITZGERALD FIELDS, WILLIAM E. FLETCHER, LARRY FOWLER, JOHNNY FUNG, SERGIO GARCIA, JUAN GARRIDO, SALVADOR F. GOROSTIZA, JR., JAMES HALL, KENNETH HARRISON, SHANE M. HERRON, MARK HUNTOON, ROBERT W. ICHINOSE, SARAH JAMES, JOHN R. JARDIN, DARYL JONS, GREGORY JONES, MICHAEL A. JONES, HARRY JUBAR, LEONARD KEEN, PATRICK LAVAL, MANOLITO LAZATIN, KENNY E. LEWIS, CHARLES D. LINTZ, VICTOR MAJANO, ANDREW MARTINEZ, KEVIN McCONNELL, SHEDRICK McDANIELS, MATTIE SPIRES-MORGAN, KATHLEEN MURRAY, LELA B. MUSTAIN, KEVIN NAKAGAWA, JOSE PADILLA, J. PALENCIA, ANTHONY PEPPERS, VINCENT QUOCK, DANILE RAMIREZ, RAMIL RAMOS, PAUL DEL ROSARIO, EDWARD H. RUPPENSTEIN, ESMERALDA SCANLON, FREDERICK SASS, JAMES SHARPE, PATRICK SIU, )

Case No.:

**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**[29 USC § 207, et seq.]**

OSCAR J. TAYLOR, FELISHA M. THOMAS, MATT TURNER, BENTON WAN, RONNIE WAN, JAMES B. WILSON, DAVID K. WONG, STAN WONG, WAYNE WOOLFOLK, SUPREMIE WYSINGER, STEPHEN XAVIER, WHITNEY P. YEE, ALVIN YOUNG, MICHAEL ZEHNER, acting for themselves and others similarly situated,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO,

Defendant.

**JURISDICTION**

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act (hereinafter "FLSA") 29 USC §§ 207, et seq., to recover from Defendant CITY AND COUNTY OF SAN FRANCISCO unpaid overtime compensation, interest thereon, liquidated damages, costs of suit and reasonable attorneys' fees. Jurisdiction is conferred on this Court by 29 USC § 1337 and § 16(b) of the Act. This Court has subject matter jurisdiction of this action pursuant to 29 USC § 207, et seq.

2. Plaintiffs hereinafter-mentioned are or were employed by the CITY AND COUNTY OF SAN FRANCISCO. Plaintiffs each were deprived of their full statutorily required compensation for overtime hours worked as a result of Defendant CITY AND COUNTY OF SAN FRANCISCO using illegal computation methods, which undercount Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay reduces the amount of compensation Plaintiffs are receiving for overtime hours worked in violation of the FLSA.

3. Defendant, CITY AND COUNTY OF SAN FRANCISCO (hereinafter "Defendant" or "County"), is a political subdivision of the State of California and at all times herein-mentioned, employed Plaintiffs.

4. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who work or have worked for the Defendant and were deprived of their complete statutory overtime compensation. Those individuals similarly situated constitute a well-defined community of

interest in the questions of law and fact. The claims of the represented parties are typical of the claims of those similarly situated. The represented parties will fairly and adequately reflect and represent the interest of those similarly situated.

**CLASS ACTION ALLEGATIONS**

5. This action is brought by Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of 29 U.S.C. § 216, for damages, liquidated damages, three year statute of limitations and relief incident and subordinate thereto including costs and attorneys' fees.

6. The class so represented by Plaintiffs in this action, and of which Plaintiffs are themselves members, consists of current employees and former employees of the Defendant over the last three (3) years, whom Defendant failed to fully compensate in the statutorily required amounts for all hours of overtime worked, as a result of Defendant's unlawful computation methods.

7. The exact number of members of the class, as herein-above identified and described, is not known, but it is estimated that there are not less than nine hundred (900) members. The class is so numerous that joinder of individual members herein is impracticable.

8. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class, namely, whether Defendant has properly computed Plaintiffs' "regular rate" of pay and owes Plaintiffs additional overtime compensation for hours of uncompensated work, performed in excess of Plaintiffs' forty (40) hour workweek or applicable pay period.

9. The claims of Plaintiffs, who are representatives of the class herein, are typical of the claims of the class in that the claims of all members of the class, including Plaintiffs, depend on a showing of the acts and omissions of Defendant giving rise to the right of Plaintiffs to the relief sought herein. There is no conflict as to any individually named Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

10. The named Plaintiffs are the representative parties for the class, and are able to, and will fairly and adequately protect the interests of the class. The attorneys for Plaintiffs are experienced and capable in the field of the FLSA and Labor/Employment litigation and have successfully represented

claimants in other litigation of this nature. Of the attorneys designated as counsel for Plaintiffs, David P. Mastagni, David E. Mastagni and Will M. Yamada will actively conduct and be responsible for Plaintiffs' case herein.

11. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant herein and would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

**FACTUAL ASSERTIONS**

12. The Plaintiffs are or were employed by the Defendant within the last three (3) years. Plaintiffs and Defendant's employment relationship is governed by the terms of the applicable collective bargaining agreements relating to their respective bargaining units. Said collective bargaining agreements delineate the terms and conditions of employment for the Plaintiffs.

13. The collective bargaining agreements between the respective bargaining unit representatives and Defendant include salary scales paying Plaintiffs a base salary for a fixed number of hours per week. Plaintiffs Bi-weekly salary is intended to compensate them for (80) eighty hours of work per two (2) week period.

14. Defendant has a policy and practice of paying Plaintiffs' overtime compensation at a rate of one and one-half of Plaintiffs' "base hourly rate", and excluding or under counting remunerations such as nondiscretionary bonuses, incentive pays, pay differentials, longevity pays, extra compensations and/or premium pays..

15. Accordingly, Defendant is not properly calculating the "regular rate" of pay upon which overtime compensation is based. 29 U.S.C. § 207(e) requires the inclusion in the "regular rate" of pay, all remuneration for employment except seven specified types of payments not applicable to this action.

16. Defendant impermissibly excludes or under calculates nondiscretionary bonuses, incentive pays, pay differentials, longevity pays, extra compensations and/or premium pays from its calculation of the "regular rate" of pay, upon which plaintiff's overtime compensation is based.

17. The City's past and current practice of computing overtime payments has reduced the amount of overtime being paid to the Plaintiffs by failing to compute all statutorily required amounts into Plaintiffs' "regular rate" of pay. The City's improper exclusion of remunerations in calculating Plaintiffs' "regular rate" of pay has had and continues to cause an impermissible reduction of Plaintiffs' overtime rate of pay.

18. For example, the collective bargaining agreement between the San Francisco Deputy Sheriffs' Association (hereinafter "SFDSA") and Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SFDSA, a training incentive in the amount of four (4.0%) percent of their base rate of pay for having a Peace Officer Standards & Training (POST) Intermediate Certificate. The collective bargaining agreement between the SFDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SFDSA, a training incentive in the amount of six (6.0%) percent of their base rate of pay for having a Peace Officer Standards & Training (POST) Advanced Certificate.

19. Defendant's past and current practice has been to completely exclude the training incentive payments from the calculation of the "regular rate" of pay for computing overtime payments.

20. Defendant's exclusion of the training incentive payment from calculating the "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay resulting in under payment of Plaintiffs' overtime compensation.

21. The collective bargaining agreement between the SFDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SFDSA, a shift differential incentive in the amount of eight and one-half percent (8.5%) of their base hourly rate for work performed between 4:00 p.m. and 11:00 p.m. The collective bargaining agreement between the SFDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SFDSA, a shift differential incentive in the amount of ten percent (10%) of their base hourly rate for work performed between 11:00 p.m. and 6:00 a.m.

22. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated these shift differential premiums in the calculation of the "regular rate" of pay for computing overtime payments.

23. The collective bargaining agreement between the SFDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SFDSA, an additional three dollars and twelve cents ($3.12) per hour when assigned to work as a training officer.

24. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated these training officer premiums from the calculation of the "regular rate" of pay for computing overtime payments.

25. The collective bargaining agreement between the SFDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SFDSA, an additional three hundred dollars ($300) per year when said Plaintiff served a minimum of six months during the fiscal year in the Sheriff's Honor/Color Guard.

26. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated these Honor/Color Guard specialty pay premiums from the calculation of the "regular rate" of pay for computing overtime payments.

27. The collective bargaining agreement between the SFDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SFDSA, an additional six hundred dollars ($600) per year when said Plaintiff serves a minimum of six months during the fiscal year in the Sheriff's Emergency Services Unit.

28. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated these Emergency Services Unit specialty pay premiums from the calculation of the "regular rate" of pay for computing overtime payments.

29. The collective bargaining agreement between the SFDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SFDSA, an additional thirty-five dollars ($35) per two week period for bilingual pay.

30. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated this bilingual pay premiums from the calculation of the "regular rate" of pay for computing overtime payments.

31. The collective bargaining agreement between the SFDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SFDSA, premium pay

in the amount of seven and one-half percent (7.5%) of their base hourly rate for work performed as a facility commander.

32. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated this facility commander pay premium from the calculation of the "regular rate" of pay for computing overtime payments.

33. The collective bargaining agreement between the SFDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SFDSA, premium pay in the amount of seven and one-half percent (7.5%) of their base hourly rate for work performed as an acting watch commander.

34. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated this acting watch commander pay premium from the calculation of the "regular rate" of pay for computing overtime payments.

35. Defendant has withheld a substantial amount of overtime compensation from all Plaintiffs by incorrectly and illegally computing Plaintiffs' "regular rate" of pay, resulting in under payment of overtime compensation in violation of the 29 U.S.C. § 207.

36. Plaintiffs are informed and believe and therefore allege that Defendant has been made aware of and was notified about the improper and illegal calculation it uses to compute overtime in a timely manner and chose not to rectify it.

37. Defendant knew or should have known its method of calculating the "regular rate" and providing overtime compensation violated the FLSA.

38. Plaintiffs are informed and believe and therefore allege the Defendant has refused to abide by requests to cease and desist from violating overtime laws under the FLSA.

39. Plaintiffs are informed and believe, and therefore allege the Defendant knew or should have known the FLSA obligated Defendant to include incentive pays in the "regular rate" of pay. Defendant knew or should have known it was obligated to use said "regular rate" in the computation of overtime.

40. Defendant's conduct was willful and constituted a conscious or reckless disregard for the law. Defendant knew its method of calculating overtime was and is prohibited by the FLSA.

**FIRST COUNT**

**CAUSE OF ACTION FOR THE VIOLATION OF THE FAIR LABOR STANDARDS ACT**

41. Plaintiffs incorporate by reference paragraphs 1 through 40, inclusive, as though set forth fully herein.

42. Pursuant to 29 U.S.C. § 207 (a)(2)(C), an employer cannot employ an employee for more than forty hours in a workweek unless "such employee receives compensation for his employment in excess of the hours specified above at a rate not less than one and one-half times the regular rate at which he is employed."

43. Pursuant to 29 U.S.C. § 207(e), "the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but" excludes specifically delineated payments detailed under section (e). The exclusions are not applicable to this action.

44. The FLSA and the corresponding authorities define the "regular rate" of pay as including, but not limited to, such remuneration as career and education incentive pay, nondiscretionary bonuses, other incentive pays, pay differentials, longevity pays, extra compensations and premium pays.

45. The collective bargaining agreements or Memoranda of Understanding ("MOU") between the applicable recognized bargaining unit agents and Defendant provide Plaintiffs a nondiscretionary right to additional compensation and pay if they meet certain qualifications. These additional pays and compensation must be included in the calculation of the Plaintiffs' "regular rate" of pay, for purposes of determining overtime compensation.

46. Defendant's past and current practice has been to exclude career and education incentive pay, nondiscretionary bonuses, other incentive pays, pay differentials, longevity pays, extra compensations and premium pays from the calculation of the "regular rate" of pay. Defendant's practice is in direct violation of the FLSA.

47. Plaintiffs are informed and believed and therefore allege Defendant was aware of and had been notified it was violating the FLSA. Defendant had been asked to cease and desist from continuing to engage in said illegal conduct and provide back-payment for the full amount of overtime

due. Defendant ignored such admonishments and refused to stop its unlawful conduct.

48. Defendant has withheld significant portions of overtime compensation to which Plaintiffs are entitled and continues to do so.

49. At all times herein mentioned, Plaintiffs are informed and believed and therefore allege that Defendant and its agents and/or representatives were aware of their obligations to properly compute and utilize the correct "regular rate" of pay in calculating Plaintiffs' overtime compensation.

50. Plaintiffs are informed and believed and therefore allege that Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to improperly exclude remunerations from the calculation of the "regular rate" of pay.

51. Defendant's continuing failure to so compensate Plaintiffs was not in good faith and is also a willful violation of the FLSA as it applies to employees of local governments.

52. As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiffs seek damages for lost overtime compensation, as well as liquidated damages. Plaintiffs seek these damages for the entire time period that Defendant has been engaging in said unlawful conduct up to three years as prescribed under the FLSA.

53. Plaintiffs also seek reasonable attorneys' fees pursuant to 29 USC Section 216(b).

WHEREFORE, Plaintiffs pray judgment as follows:

1. For unpaid compensation and interest thereon, plus an equal amount of liquidated damages, for all Plaintiffs who were required to work excess hours without appropriate compensation pursuant to 29 USC § 216(b).

2. For a determination that Defendant's conduct was not in good faith and an intentional, knowing and willful violation of the FLSA, thus entitling Plaintiffs to liquidated damages;

3. For reasonable attorneys' fees pursuant to 29 USC § 216(b);

4. For costs incurred as a result of this proceeding;

5. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct;

6. For injunctive relief ordering the Defendant to calculate the "regular rate" computation consistent with the requirements of the FLSA; and

7. For such other and further relief as the court deems just and proper.

Dated: April 21, 2005

**MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER**

By: ______________________
DAVID E. MASTAGNI,
Attorney for Plaintiffs