IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE ALBA, et al.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. C05–01667  TEH |

**NOTICE**

To:   Sworn peace officers employed by the City and County of San Francisco's Sheriff's Department who were eligible for or have received overtime compensation and special pay premiums in the last three years.

Re:   Fair Labor Standards Act Lawsuit Against the City and County of San Francisco

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE THELTON E. HENDERSON, UNITED STATES DISTRICT JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR DEFENDANT'S DEFENSES. BY AUTHORIZING THIS NOTICE THE COURT NEITHER ENCOURAGES NOR DISCOURAGES YOU FROM JOINING THIS LAWSUIT.**

1

[PROPOSED] NOTICE – ALBA, ET AL. V. CCSF - CASE NO. C05-01667 TEH     \\server01\users\labor\sfdsa flsa\notice\notice in word 1-9-05final.doc

1. This Notice is to inform you of the existence of a lawsuit in which you potentially are "similarly situated" to the named Plaintiffs, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, if you decide that it is appropriate and if you choose to do so.

2. On April 22, 2005, deputy sheriffs employed by the City and County of San Francisco filed a lawsuit against the City and County of San Francisco (the City) alleging that they are entitled to additional overtime pay under the federal Fair Labor Standards Act (FLSA). The litigation is currently in the early pretrial stage of proceedings.

The lawsuit alleges that the defendant City has improperly paid deputy sheriffs under the provisions of the FLSA by failing to include in their regular rate of pay (for determination of the FLSA overtime rate of pay) certain special pay premiums such as POST certification incentives, bonuses, and shift differentials. The Plaintiffs allege they are entitled to recover back pay, plus liquidated damages in an equal amount, and prejudgment interest, attorneys' fees and costs.

The City has denied any violation of the FLSA. The City contends that deputy sheriffs have been paid properly. Therefore, under the applicable statutes and regulations, the City contends that deputy sheriffs are not entitled to the claimed overtime pay.

3. Under the FLSA, "similarly situated" employees may join the existing lawsuit by filing a "Consent to Be Included as an Individual Plaintiff" with the Court.

4. If you are or were employed by the City's Sheriff's Department as a sworn peace officer within the past three years, received special pay premiums, and worked overtime in at least one workweek or work period during that time, you may join this lawsuit. Should you wish to join this lawsuit, a "Consent to Be Included as an Individual Plaintiff" must be filed with the Court by no later than **March 18, 2006**.

5. If you choose to join in this lawsuit, you must ensure that a "Consent to Be Included as an Individual Plaintiff" is filed with the Court on or before **March 18, 2006**. If you choose to be represented by Plaintiffs' counsel, you must contact Plaintiff's counsel in sufficient time to have Plaintiff's counsel file a "Consent to Be Included as an Individual Plaintiff" with the federal court

on or before **March 18, 2006**.  If you fail to file a "Consent to Be Included as an Individual Plaintiff" with the federal court on or before the above deadline, you may not be able to participate in this lawsuit.

6. Furthermore, you can join this lawsuit by counsel of your own choosing.  If you do so, your attorney must file an "opt-in" consent form by **March 18, 2006**.

7. If you choose to join in this lawsuit, you will be bound by the Judgment or Settlement, whether it is favorable or unfavorable.  While this lawsuit is proceeding, you may be required to respond under oath to written questions, testify in deposition, and/or testify in court. Additionally, arrangements for the payment of costs or attorneys' fees will have to be made with counsel for Plaintiffs.  If you choose not to join the lawsuit, you will not be affected by the Judgment or Settlement, whether it is favorable or unfavorable.   If you choose not to join this lawsuit, you are free to file your own lawsuit or not.

8. The existing Plaintiffs in this case are represented by attorneys David P. Mastagni, David E. Mastagni, and Will M. Yamada of the firm MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER, A Professional Corporation, 1912 I Street, Sacramento, CA, 95814; Telephone: 916-446-4692; Fax: 916-447-4614.  For further information about this Notice, or the procedure for joining this action if you should so desire, you may contact the attorneys identified above but are under no obligation to do so.

9. The City is represented by Deputy City Attorneys Jonathan C. Rolnick and Katharine Hobin Porter and Elizabeth S. Salveson, Chief Labor Attorney, Fox Plaza, 1390 Market Street, 5th Floor, San Francisco, California 94102.

10. Federal law prohibits an employer from discharging or in any other manner discriminating against an employee because that employee has exercised her/his rights under the FLSA.

Dated:     Jan. 9. 2006

_____
HENDERSON
U.S. DISTRICT COURT JUDGE